IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT WILLIAMS,<br><br>Defendant. | 4:21-CR-3021<br><br>REVISED TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed a belated objection to the presentence report. Filing 66. The Court will grant the defendant's request to file his objection out of time, and will take up the objection at sentencing.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 66) to the presentence report's finding that the defendant is not entitled to a reduction in the offense level for acceptance of responsibility.

U.S.S.G. § 3E1.1(a) provides for a two-level reduction if the defendant clearly demonstrates acceptance of responsibility for his offense. *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021). The reduction's purpose is to distinguish a sincerely remorseful defendant from a defendant not manifesting penitence. *Id.* A defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter of right, and the burden is on a defendant to show that he clearly demonstrated acceptance of responsibility. *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2016); *see United States v. Binkholder*, 832 F.3d 923, 927 (8th Cir. 2016).

A defendant's guilty plea and truthful admission of the conduct comprising the offense of conviction constitute significant evidence in favor of the acceptance-of-responsibility reduction. *Cooper*, 998 F.3d at 810 (citing § 3E1.1 cmt. n.3). But that evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *Id.* The key issue is whether the defendant has shown a recognition and affirmative responsibility for the offense and sincere remorse. *Id.* And one factor in determining whether a defendant has clearly demonstrated acceptance is whether he has withdrawn from criminal conduct. *Id.* at 811 (citing § 3E1.1 cmt. n.1(B)).

The presentence report's recommendation is based on the defendant's post-plea arrest for possessing 1-2 pounds of methamphetamine. *See* filing 55. The defendant's objection does not, the Court notes, take issue with the underlying facts. *See* filing 66. And it's well-settled that a defendant's involvement in ongoing post-plea criminal conduct may make a reduction for acceptance of responsibility inappropriate. *See, e.g.*, *United States v. Jawad*, 852 F.3d 758, 763 (8th Cir. 2017); *United States v. Tjaden*, 473 F.3d 877, 879 (8th Cir. 2007); *see also, e.g.*, *United States v. Hutterer*, 706 F.3d 921, 925-26 (8th Cir. 2013); *United States v. Wineman*, 625 F.3d 536, 539 (8th Cir. 2010); *United States v. Fronk*, 606 F.3d 452, 454 (8th Cir. 2010); *United States v. King*, 559 F.3d 810, 815 (8th Cir. 2009).

The defendant's possession of a distribution-level quantity of methamphetamine, seven weeks *after* pleading guilty to possessing methamphetamine with intent to distribute it, certainly suggests that his guilty plea to that charge may not reflect an acceptance of responsibility for his criminal conduct. The Court will, however, make a

final determination on that issue at sentencing after hearing arguments of counsel.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge